THE WALTON BAKING CO., APPELLANT, *v.* THE HART-
FORD ACCIDENT & INDEMNITY CO., APPELLEE.

(Decided June 3, 1940.)

*Messrs. Cotter & McFellin* and *Mr. Wm. H. Mc-
Lellan, Jr.,* for appellant.
*Messrs. Beckwith, Ohlinger, Koles & Wolf,* for ap-
pellee.

LLOYD, J.  The Walton Baking Company, plaintiff in
the Court of Common Pleas, appeals to this court on
questions of law from a judgment in favor of The
Hartford Accident & Indemnity Company, defendant
therein, sustaining a demurrer to the amended petition
of the plaintiff, the grounds of which were:

1.  That the action was not brought within the time
limited for the commencement of such action, and

2.  That the amended petition does not state facts
which show a cause of action.

From the amended petition it appears that the de-
fendant on October 25, 1934, issued its policy of insur-

ance to plaintiff, providing that it would pay to the plaintiff, within sixty days after satisfactory proof thereof, such pecuniary loss as plaintiff should have sustained of money or other personal property through the fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication committed by any employee named upon the schedule attached thereto. The petition further alleges that among such named employees was Willard S. Porterfield, a bookkeeper and cashier, bonded for $2,000; that the coverage thereby of Porterfield was to continue until his dismissal or retirement from the service of plaintiff or until the discovery of loss; that Porterfield was dismissed by plaintiff on January 28, 1938, on which day it discovered, and notified defendant of, fraud, dishonesty, theft, embezzlement and wilful misapplication by Porterfield of certain enumerated and specified sums of money of the aggregate amount of $925.24. The petition further states that the policy of defendant provided: That upon the discovery of any act of Porterfield covered thereby, defendant should immediately be given written notice at its home office; that within three months after such discovery, affirmative proof of loss should be filed with it at its home office; that a claim thereunder must be made by plaintiff upon defendant within three months after the termination of the suretyship; and that no suit, action or proceeding should be brought thereunder after the expiration of twelve months from the filing of the required proof of loss.

It further appears from the petition that after notice to defendant on January 28, 1938, of plaintiff's loss of $925.24, defendant, through its agent, immediately investigated the accounts and books of plaintiff, and ascertained that the scheduled amounts, aggregating $925.24, had been fraudulently embezzled, wrongfully and wilfully abstracted, and misapplied, and so noti-

fied the home office of defendant, whereupon the defendant, through its agent, obtained a confession from Porterfield of his default; that thereupon the defendant through its agent endeavored to compel Porterfield to pay back to the plaintiff the amount dishonestly taken by him; that as a result thereof, Porterfield, on February 17, 1938, restored to plaintiff $350 of the $925.24; that thereafter for the purpose of further reducing its liability under the bond, defendant, by its agent continued until sometime in May of 1938 to endeavor to compel Porterfield to restore the balance to plaintiff; and that the agent continued his endeavors with defendant's full knowledge of the amount of Porterfield's defalcation and of its agent's activities with respect thereto.

The plaintiff's petition further alleges that, by the action of defendant and its agent, plaintiff was induced to understand that the defendant had become fully aware of and satisfied as to the amount of the embezzlement of Porterfield and that no further information by way of proof of loss or other notice or information from the plaintiff was necessary; that plaintiff was induced, by defendant and its agent, to defer the bringing of an action in order to give the agent time to obtain restoration of the balance of the amount embezzled; that after the reduction of the claim to $575.24, through the efforts of defendant's agent, and at his instance and request, plaintiff had reason to and did believe that defendant was continuing its efforts to obtain further reduction of the sum taken by Porterfield but when it became apparent that this could not be accomplished, plaintiff, by letter dated February 24, 1939, requested the defendant to pay the balance of the claim, which by letter of March 6, 1939, for the first time, it refused to do, declining all liability therefor, and giving no reason for such refusal. It is also alleged that it was not until the receipt of the letter of

March 6, 1939, that plaintiff was informed of defendant's refusal to pay this claim and the defendant's denial of liability thereon. Plaintiff avers that it has performed all of the conditions of the indemnity bond on its part to be performed except such as were waived by the actions and requests of the defendant and its agent, and prays judgment for the balance of its claim against defendant under the terms of the bond.

Plaintiff commenced its action against the defendant in the Court of Common Pleas on May 1, 1939, which defendant claims was too late because by the "terms of the bond the time for filing an action would expire on April 28, 1939." This calculation would make the starting date April 28, 1938, three months after January 28, 1938, when, it is alleged, the embezzlement was discovered by plaintiff; and counsel for the defendant indemnity company base the correctness of the judgment of the Court of Common Pleas upon this claimed non-commencement of plaintiff's action within the time limited therefor, admitting in brief and argument that the allegations of the amended petition as to the non-filing of the policy-required proof of loss, sufficiently evidenced the waiver thereof by the defendant. A copy of the bond is attached to the amended petition and, although not properly a part thereof, since it is so attached and is not objected to by defendant, but on the contrary is quoted by it in its brief, with the request that it be considered by the court as though pleaded verbatim in the amended petition, this court will so consider it.

The particular provision to which the defendant directs attention is as follows:

"3. Any claim hereunder must be made upon the surety within fifteen (15) months after the termination or cancellation of the suretyship for the defaulting employee, and no such action or proceeding shall be brought hereunder by the employer against the

surety after the expiration of twelve (12) months after the filing of proof of loss as above required, or, in case such limitation be void under the law of the place governing the construction hereof, then within the shortest period of limitation permitted by such law.''

The facts as pleaded in the amended petition, which for the purposes of the demurrer are admitted to be true, evidence a waiver of the proof of loss, and that at the instance and request of the defendant, the plaintiff awaited its further and continued effort which sought to persuade or compel Porterfield to restore to plaintiff the whole of the amount, which after its own investigation defendant recognized and agreed had been embezzled.

Not ''until some time in May of 1938'' did defendant cease its efforts to reduce the amount of its liability under the bond by procuring Porterfield's restoration of the amount of his defalcation, but it did, by letter of March 6, 1939, in answer to one of plaintiff, inform plaintiff that it would not pay the claim and denied all liability thereon and this was the first and only notice of denial of liability given to plaintiff.

Regardless of whether, as claimed by plaintiff, an express condition of an indemnity bond, limiting the time within which suit may be brought thereon, does not apply when the bond provides that the loss shall be paid within sixty days after satisfactory proof thereof, and the loss is in fact satisfactorily ascertained within the stipulated time for filing such proof, the only limitation in such case being that provided by statute, it seems clear that defendant could not silence plaintiff into inactivity by conduct such as is alleged and then claim the benefit of the contractual limitation which it seeks to do. If the plaintiff, in May of 1938, prior to defendant's letter of March 6, 1939, knew that defendant had ceased its negotiations with Porterfield, then the limitation as to the time in which suit might

354

be brought would, in any event, not commence to run before that time, and if that be so, the action was commenced within twelve months of that time.

However, if plaintiff had no notice or knowledge of the defendant's change of position until its letter of March 6, 1939, then surely, if guilty of the conduct pleaded in the amended petition, the contractual limitation of time within which plaintiff must act would not become operative until this information was received. To hold otherwise, if the pleaded facts are true, would sanction an endeavor to avoid an avowed liability, admitted by conduct that is open to but one interpretation.

The judgment of the Court of Common Pleas is therefore reversed and the cause is remanded thereto with directions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARPENTER and OVERMYER, JJ., concur.